## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

KENNETH HARRISON and )
CAROLYN HARRISON, Individually, and )
as Parents and Natural Guardians )
of S.H., a Minor, )
           )
      Plaintiffs, )    Case No. 3:13-cv-00910-GPM-SCW
       )
     v. )    Judge G. Patrick Murphy
       )
ABBOTT LABORATORIES AND )    JURY TRIAL DEMANDED ON ALL
ABBVIE INC. )    COUNTS
       )
      Defendants. )
       )

## ANSWER AND AFFIRMATIVE DEFENSES OF ABBOTT LABORATORIES AND ABBVIE INC. TO PLAINTIFFS' COMPLAINT

Defendant Abbott Laboratories ("Abbott") and AbbVie Inc. ("AbbVie") (collectively "Defendants"), by its undersigned attorneys, hereby responds and answers the Complaint ("Complaint"), and states:

## JURISDICTION AND VENUE

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2.     Defendants admit that Abbott maintains its principal place of business in Illinois. Defendants deny the truth of the allegation that Abbott is a corporation organized and existing under the laws of the State of Illinois.

3.     Defendants admit that AbbVie is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Illinois.

4.     Defendants admit that the description from Abbott's website is accurate. Abbott further admits that effective January 2013, Abbott Laboratories separated into two separate

publicly traded health care companies: Abbott and AbbVie. AbbVie, the research-based pharmaceutical company, now has responsibility in the United States for Depakote.

5.     Defendants admit that AbbVie was incorporated on April 10, 2012 and further answers that it has responsibility for, among other things, the FDA-approved medicines Depakote®, Depakote® ER, Depakene®, and Depacon®. Defendants deny any remaining allegations contained in Paragraph 5 of the Complaint.

6.     Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7.     Paragraph 7 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction.

8.     Paragraph 8 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that this Court has jurisdiction.

9.     Paragraph 9 of the Complaint alleges a legal conclusion to which Defendants need not respond.

## FACTUAL BACKGROUND

10.     Defendants admit that, at various times, it marketed and distributed a drug containing the active ingredient valproic acid.

11.     Defendants admit that the FDA approved Depakene in 1978 for use in the treatment of simple and complex absence seizures.

12.     Defendants admit that the FDA approved Depakote for use in the treatment of simple and complex absence seizures and that Depakote was subsequently approved for the treatment of manic episodes associated with bipolar disorder and for prophylaxis of migraine headaches.

13.     Defendants admit that other strengths and formulations of Depakote and Depakene have been approved since Depakene and Depakote were approved in 1978 and 1983, respectively, and that Defendants have held the NDAs for the Depakene and Depakote products.

14.     Defendants admit that ownership of some of the Depakene, Depakote ER, Depacon, and Depakote NDAs were transferred to AbbVie after Abbott separated into two health care companies in January 2013.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and accordingly deny the allegations.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and accordingly deny the allegations.

17.     Defendants deny the allegations in Paragraph 17 of the Complaint.

18.     Defendants deny the allegations in Paragraph 18 of the Complaint.

19.     Paragraph 19 of the Complaint contains allegations regarding "medical literature" but the source of this literature is not provided.  Accordingly, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and deny the allegations.

20.     Paragraph 20 of the Complaint contains allegations regarding "medical literature" but the source of this literature is not provided.  Accordingly, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and deny the allegations.

21.     Paragraph 21 of the Complaint contains allegations regarding "medical literature" but the source of this literature is not provided.  Accordingly, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and deny the allegations.   AbbVie denies the remaining allegations contained in paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.     Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     Defendants admit that other drugs are approved for the treatment of seizure disorders, bi-polar disorder and migraines.  Paragraph 29 of the Complaint contains allegations regarding "other drugs," but the names of these "drugs" are not provided.   Accordingly, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the Complaint and deny the allegations.

30.     Defendants are without knowledge or information sufficient to form a belief as to what is meant by the term "statistically significant," and therefore deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants are without knowledge or information sufficient to form a belief as to what is meant by the term "statistically significant," and therefore deny the allegations contained in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint contains allegations regarding the prescribing information for Depakote. That document speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint contains allegations regarding the prescribing information for Depakote. That document speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint contains allegations regarding the prescribing information for Depakote. That document speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint contains allegations regarding the findings of "multiple in depth studies."  Defendants are without knowledge or information sufficient to form a belief as to whether the findings set forth in Paragraph 36 of the Complaint are an accurate reflection of the sources on which they are based, as the identities of these "studies" are not provided.  Accordingly, Defendants deny the allegations.

37.     Paragraph 37 of the Complaint contains allegations regarding the prescribing information for Depakote. That document speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint contains allegations regarding the prescribing information for Depakote. That document speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint contains allegations regarding the prescribing information for Depakote. That document speaks for itself.  Paragraph 39 also contains

allegations regarding Plaintiff Carolyn Harrison's "ingestion" of Depakote.  Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations in Paragraph 39 of the Complaint and deny the allegations.  Defendants deny any remaining allegations contained in Paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint contains allegations regarding the prescribing information for Depakote. That document speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint contains allegations regarding the findings of "[m]ultiple studies." Defendants are without knowledge or information sufficient to form a belief as to whether the findings set forth in Paragraph 41 of the Complaint are an accurate reflection of the sources on which they are based, as the identity of these "multiple studies" is not provided. Accordingly, Defendants deny the allegations.

42.     Paragraph 42 of the Complaint contains allegations regarding the prescribing information for Depakote. That document speaks for itself. Defendants deny any remaining allegations contained in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint contains allegations regarding the findings of "[o]ne study."  Defendants are without knowledge or information sufficient to form a belief as to whether the percentages set forth in Paragraph 43 of the Complaint are an accurate reflection of the source on which they are based, as the identity of this "one study" is not provided. Accordingly, Defendants deny the allegations.

44.     Paragraph 44 of the Complaint contains allegations regarding the findings of "[o]ther studies."  Defendants are without knowledge or information sufficient to form a belief as to whether the findings set forth in Paragraph 44 of the Complaint are an accurate reflection of

the sources on which they are based, as the identities of these "other studies" are not provided. Accordingly, Defendants deny the allegations.

45.     Paragraph 45 of the Complaint contains allegations regarding published literature in the New England Journal of Medicine.  Defendants are without knowledge or information sufficient to form a belief as to whether the conclusions set forth in Paragraph 45 of the Complaint are an accurate reflection of the source on which they are based, as the identity of the author or title of this article is not provided.  Accordingly, Defendants deny the allegations.

46.     Defendants are without knowledge or information sufficient to form a belief as to what is meant by the term "dramatically increases," and therefore deny the allegations contained in Paragraph 46 of the Complaint.  Defendants deny any remaining allegations contained in Paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint contains allegations regarding "a Dear Doctor Letter" for Depakote. That document speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint contains allegations regarding the contents of "a Dear Doctor Letter" for Depakote. That document speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint contains allegations regarding the content of a "Black Box" warning for Depakote. That document speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint contains allegations regarding product labeling for "Depakote, Depakene and other valproate products."  Those documents speak for themselves.  Defendants deny any remaining allegations contained in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint contains allegations regarding the "warning and precautions section in the labels" for "Depakote, Depakene and other valproate products."  Those documents speak for themselves.  Defendants deny any remaining allegations contained in Paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint and accordingly denies the allegations.

56.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint and accordingly denies the allegations.

57.     Paragraph 57 of the Complaint contains allegations regarding product labeling for "Depakote and other valproate products."  Those documents speak for themselves.  Defendants deny any remaining allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint and accordingly deny the allegations.

61.     Defendants deny that Plaintiff S.H.'s injuries were caused by his alleged "in utero exposure to Depakote."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and accordingly deny the allegations.

62.     Defendants deny that Plaintiff S.H.'s injuries were caused by his alleged "in utero exposure to Depakote."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and accordingly deny the allegations.

63.     Defendants deny that Plaintiff S.H.'s injuries were caused by his alleged "in utero exposure to Depakote."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint and accordingly deny the allegations.

## THE FEDERAL REQUIREMENTS

64.     Paragraph 64 of the Complaint contains allegations regarding 21 U.S.C. § 331. That statute speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 64 of the Complaint.

65.     Paragraph 65 of the Complaint contains allegations regarding 21 U.S.C. § 351. That statute speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 65 of the Complaint.

66.     Paragraph 66 of the Complaint contains allegations regarding 21 U.S.C. § 352. That statute speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 66 of the Complaint.

67.     Paragraph 67 of the Complaint contains allegations regarding 21 U.S.C. § 352(f). That statute speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 67 of the Complaint.

68.     Paragraph 68 of the Complaint contains allegations regarding 21 U.S.C. § 321(n). That statute speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint contains allegations regarding 21 CFR § 201.1(e)(1).  That regulation speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint contains allegations regarding 21 CFR § 201.1(e)(5).  That regulation speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint contains allegations regarding 21 CFR § 201.1(e)(6).  That regulation speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 71 of the Complaint.

72.     Paragraph 72 of the Complaint contains allegations regarding 21 CFR § 310.305; 21 CFR § 314.80. Those regulations speak for themselves.  Defendants deny any remaining allegations contained in Paragraph 72 of the Complaint.

73.     Paragraph 73 of the Complaint contains allegations regarding 21 CFR § 310.305; 21 CFR § 314.80. Those regulations speak for themselves.  Defendants deny any remaining allegations contained in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint contains allegations regarding 21 CFR § 310.305; 21 CFR § 314.80. Those regulations speak for themselves.  Defendants deny any remaining allegations contained in Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint contains allegations regarding 21 CFR § 310.305; 21 CFR § 314.80. Those regulations speak for themselves.  Defendants deny any remaining allegations contained in Paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint contains allegations regarding 21 CFR § 314.80. That regulation speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint contains allegations regarding 21 CFR § 314.80. That regulation speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint contains allegations regarding 21 CFR § 314.80. That regulation speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 78 of the Complaint.

79.     Paragraph 79 of the Complaint contains allegations regarding 21 CFR § 201.56(a). That regulation speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 79 of the Complaint.

80.     Paragraph 80 of the Complaint contains allegations regarding 21 CFR § 201.80(d). That regulation speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 80 of the Complaint.

81.    Paragraph 81 of the Complaint contains allegations regarding 21 CFR § 201.80(e). That regulation speaks for itself.   Defendants deny any remaining allegations contained in Paragraph 81 of the Complaint.

## FIRST CAUSE OF ACTION

### Strict Products Liability
### Design Defect

82.    Defendants incorporate by reference its responses to paragraphs 1 through 81 of the Complaint, as if stated fully herein.

83.    Defendants admit that, at various times, it advertised, marketed and sold Depakote in accordance with its FDA-approved prescribing information.

84.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint and accordingly deny the truth of these allegations.

85.    Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86.    Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.    Defendants lack knowledge or information sufficient to determine what is encompassed by the phrase "major congenital malformations" and "the magnitude of which is dramatic," and accordingly deny these allegations.  Defendants deny the remaining allegations in Paragraph 87 of the Complaint.

88.    Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.    Paragraph 89 of the Complaint contains allegations regarding the findings of "studies."  Defendants are without knowledge or information sufficient to form a belief as to whether the findings set forth in Paragraph 89 of the Complaint are an accurate reflection of the

sources on which they are based, as the identities of these "studies" are not provided. Defendants deny the remaining allegations in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations contained in Paragraph 95 of the Complaint..

96.     Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.     Defendants deny the allegations contained in Paragraph 97 of the Complaint.

### SECOND CAUSE OF ACTION

**Strict Products Liability**
**Defect Due To Inadequate Warning**

98.     Defendants incorporate by reference its responses to paragraphs 1 through 97 of the Complaint, as if stated fully herein.

99.     Defendants admit that, at various times, it advertised, marketed and sold Depakote in accordance with its FDA-approved prescribing information.

100.    Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.    Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Paragraph 104 contains allegations regarding the prescribing information for Depakote.  This document speaks for itself.  Defendants deny the remaining allegations in

Paragraph 104 of the Complaint, including the allegation that Defendants failed to adequately warn of the risks associated with Depakote.

105.     Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.     Paragraph 106 contains allegations regarding the prescribing information for Depakote.   This document speaks for itself. Defendants deny the remaining allegations in Paragraph 106 of the Complaint, including the allegation that Defendants failed to adequately warn of the risks associated with Depakote.

107.     Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.     Paragraph 108 contains allegations regarding the prescribing information for Depakote.   This document speaks for itself.   Defendants deny the remaining allegations in Paragraph 108 of the Complaint including the allegation that Defendants failed to adequately warn of the risks associated with Depakote.

109.     Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110.     Paragraph 110 contains allegations regarding the prescribing information for Depakote.   This document speaks for itself.   Defendants deny the remaining allegations in Paragraph 110 of the Complaint including the allegation that Defendants failed to adequately warn of the risks associated with Depakote.

111.     Paragraph 111 contains allegations regarding the prescribing information for Depakote.   This document speaks for itself.   Defendants deny the remaining allegations in Paragraph 111 of the Complaint including the allegation that Defendants failed to adequately warn of the risks associated with Depakote.

112.     Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.     Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.    Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115.    Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116.    Defendants deny the allegations contained in Paragraph 116 of the Complaint.

117.    Defendants deny the allegations contained in Paragraph 117 of the Complaint.

118.    Defendants deny the allegations contained in Paragraph 118 of the Complaint.

## THIRD CAUSE OF ACTION

### Negligence

119.    Defendants incorporate by reference its responses to paragraphs 1 through 118 of the Complaint, as if stated fully herein.

120.    Defendants admit that it had a duty to comply with FDA rules and regulations and to provide accurate information in the Depakote label about the efficacy and safety of the medicine.   Defendants deny the remaining allegations contained in Paragraph 120 of the Complaint.

121.    Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.    Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.    Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.    Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.    Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.    Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127.    Defendants deny the allegations contained in Paragraph 127 of the Complaint.

## FOURTH CAUSE OF ACTION

### Negligent Misrepresentation and Fraud

128.    Defendants incorporate by reference its responses to paragraphs 1 through 127 of the Complaint, as if stated fully herein.

129.    Defendants admit that, at various times, it advertised, marketed and sold Depakote in accordance with its FDA-approved prescribing information.

130.    Defendants admit that it had a duty to comply with FDA rules and regulations and to provide accurate information in the Depakote label about the efficacy and safety of the medicine.

131.    Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    Defendants deny the allegations contained in Paragraph 132 of the Complaint.

133.    Defendants deny the allegations contained in Paragraph 133 of the Complaint.

134.    Paragraph 134 of the Complaint contains allegations regarding the prescribing information for Depakote.  That document speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 134 of the Complaint.

135.    Defendants deny the allegations contained in Paragraph 135 of the Complaint.

136.    Paragraph 136 of the Complaint contains allegations regarding the prescribing information for Depakote.  That document speaks for itself.  Defendants deny any remaining allegations contained in Paragraph 136 of the Complaint.

137.    Defendants deny the allegations contained in Paragraph 137 of the Complaint.

138.    Paragraph 138 of the Complaint contains allegations regarding "studies, published reports, and clinical experience," but the source of this information is not provided.  Defendants admit that scientific articles have reported on the rate of certain birth defects in children exposed

to Depakote during pregnancy, but Defendants deny that Paragraph 138 of the Complaint accurately and completely states the results, opinions, and conclusions of those articles.  As the "studies, published reports, and clinical experience" referenced in Paragraph 138 are not identified, Defendants are without knowledge or information sufficient to provide a further response and deny the allegations.

139.    Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140.    Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.    Defendants admit that it had a duty to comply with FDA rules and regulations and to provide accurate information in the Depakote label about the efficacy and safety of the medicine.  Defendants deny the remaining allegations contained in Paragraph 141 of the Complaint.

142.    Defendants admit that it had a duty to comply with FDA rules and regulations and to provide accurate information in the Depakote label about the efficacy and safety of the medicine.  Defendants deny the remaining allegations contained in Paragraph 142 of the Complaint.

143.    Defendants admit that it had a duty to comply with FDA rules and regulations and to provide accurate information in the Depakote label about the efficacy and safety of the medicine.  The prescribing information setting forth information about the efficacy and safety of Depakote speaks for itself.  Defendants deny the remaining allegations contained in Paragraph 143, including, but not limited to, the allegation, implication, and suggestion that accurate information and the efficacy and safety of Depakote was not disclosed.

144.    Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145.    Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.    Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.    Defendants deny the allegations contained in Paragraph 149 of the Complaint.

## FIFTH CAUSE OF ACTION

### Breach of Express Warranty

150.    Defendants incorporate by reference its responses to paragraphs 1 through 149 of the Complaint, as if stated fully herein.

151.    Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152.    Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153.    Defendants deny the allegations contained in Paragraph 153 of the Complaint.

154.    Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155.    Defendants deny the allegations contained in Paragraph 155 of the Complaint.

## SIXTH CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability
### (Treatment of Seizure Disorder During Pregnancy)

156.    Defendants incorporate by reference its responses to paragraphs 1 through 155 of the Complaint, as if stated fully herein.

157.    Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161.    Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations contained in Paragraph 163 of the Complaint.

## SEVENTH CAUSE OF ACTION

### Breach of Implied Warranty of Fitness

164.    Defendants incorporate by reference its responses to Paragraphs 1 through 163 of the Complaint, as if stated fully herein.

165.    Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166.    Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167.    Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168.    Defendants deny the allegations contained in Paragraph 168 of the Complaint.

169.    Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of the Complaint.

## EIGHTH CAUSE OF ACTION

### Unjust Enrichment

171.    Defendants incorporate by reference its responses to paragraphs 1 through 170 of the Complaint, as if stated fully herein.

172.    Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173.    Defendants deny the allegations contained in Paragraph 173 of the Complaint.

174.    Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175.    Defendants deny the allegations contained in Paragraph 175 of the Complaint.

## NINTH CAUSE OF ACTION

### Loss of Consortium
### Medical Related Expenses

176.    Defendants incorporate by reference its responses to paragraphs 1 through 175 of the Complaint, as if stated fully herein.

177.    Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178.    Defendants deny the allegations contained in Paragraph 178 of the Complaint.

179.    Defendants deny the allegations contained in Paragraph 179 of the Complaint.

## PRAYER

Defendants deny the allegations contained in the Prayer, and deny Plaintiffs are entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Defendants in this matter.  Defendants therefore assert said defenses in order to preserve the right to assert them.  Upon completion of discovery, and if facts warrant, Defendants may withdraw any of these defenses as may be appropriate.  Further, Defendants reserve the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery proceeds.  Further answering and by way of additional defense, Defendants state as follows:

1.    Each and every claim alleged or raised in the Complaint is barred by the applicable statute of limitations, the applicable statute of repose, the doctrine of prescription, and/or is otherwise untimely.

2.    Each and every claim alleged or raised in the Complaint is barred by the learned intermediary doctrine.

3.    Each and every claim alleged or raised in the Complaint is barred by the doctrines of estoppel, waiver, or statutory and regulatory compliance.

4.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening and/or supervening cause or causes.

5.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses may have been caused, may be barred, and/or may be limited in whole or in part by the contributory negligence or comparative fault of Plaintiffs.

6.     Without waiving its denial of liability to Plaintiffs, Defendants state that the sole proximate cause of any injuries sustained by Plaintiffs was Plaintiffs' own conduct.

7.     In the alternative, without waiving its denial of liability to Plaintiffs, Defendants state that, assuming that 100% represents the total combined fault of the parties to this action, the fault on the part of one or more Plaintiffs was more than 50% of the total proximate cause of the alleged injuries and, therefore, there is no liability on the part of Defendants.  In the alternative, in the event that it is found that fault on the part of one or more Plaintiffs is less than 50% of the proximate cause of the alleged injury, then the amount of the verdict awarded to Plaintiffs must be reduced in accordance with the percentage of that fault.

8.     In the alternative, without waiving its denial of liability to Plaintiffs, Defendants state that any fault on the part of Defendants (which Defendants expressly deny) in proximately causing any injury or damage to any Plaintiff is less than 25% of the total fault attributable to one or more Plaintiffs, Defendants, and any third-party defendant who could have been sued by any Plaintiff and, therefore, pursuant to 735 ILCS 5/2-1117 (2008), Defendants are only severally liable, if at all, for all damages except past and future medical and medically-related expenses.

9.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, Plaintiffs' claims regarding such injuries or losses may be barred or reduced by their knowingly,

voluntarily, and/or willfully assuming the risk of any injury as the result of the consumption of, administration of, or exposure to the product at issue or any medicine or pharmaceutical preparation manufactured or distributed by another manufacturer.

10.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

11.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by misuse or abuse of the product at issue.

12.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by the off-label use of the product at issue.

13.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases, or illnesses, idiosyncratic reactions, subsequent medical conditions, or natural courses of conditions for which Defendants are not responsible.

14.     To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and/or lack of privity.

15.     Each and every claim alleged or raised in the Complaint is barred because the product at issue was made in accordance with the state of the art at the time it was manufactured.

16.     Plaintiffs cannot establish that any reasonable alternative design would have rendered the product at issue safer overall, and that the failure to adopt a reasonable alternative

design rendered the product at issue not reasonably safe, in accordance with the <u>Restatement</u> <u>(Third) of Torts: Product Liability</u>.

17.    Plaintiffs cannot establish that any reasonable alternative instructions or warnings concerning foreseeable risks of harm posed by the product at issue would have rendered the product safer overall, and that the failure to provide such alternative instructions or warnings rendered the product at issue not reasonably safe, in accordance with the <u>Restatement (Third) of</u> <u>Torts: Products Liability</u>.

18.    Each and every claim alleged or raised in the Complaint is barred in whole or in part under comment k to Section 402A of the <u>Restatement (Second) of Torts</u>.

19.    Each and every claim alleged or raised in the Complaint is barred in whole or in part because legally adequate "directions or warnings" were provided as to the use of the product at issue and any other medicine or pharmaceutical preparation to which Plaintiffs attribute their alleged damages within the meaning of comment j to Section 402A of the <u>Restatement (Second)</u> <u>of Torts</u>.

20.    Each and every claim alleged or raised in the Complaint is barred by Section 4, *et seq.*, of the <u>Restatement (Third) of Torts: Products Liability</u>.

21.    Each and every claim alleged or raised in the Complaint is barred by comment f to Section 6 of the <u>Restatement (Third) of Torts: Products Liability</u>.

22.    There is no practical or technically feasible alternative design that would have reduced the alleged risk without substantially impairing the reasonably anticipated and intended function of the product at issue.

23.    Each and every claim alleged or raised in the Complaint is barred in whole or in part by Plaintiffs' failure to mitigate damages.

24.     Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the <u>Restatement (Second) of Torts</u> relegate their claims to negligence.

25.     All activities of Defendants as alleged in the Complaint were expressly authorized and/or regulated by a government agency.  Therefore, Plaintiffs' claims pertaining to any alleged misrepresentations or omissions are barred.

26.     Each and every claim alleged or raised in the Complaint is barred because, if the product at issue was unsafe, which Defendants deny, then it was unavoidably unsafe as defined in the <u>Restatement of Torts</u>.  The apparent benefits of that product exceeded any apparent risk, given the scientific knowledge available when the product was marketed.

27.     Defendants' advertisements and labeling with respect to the product at issue were not false or misleading and therefore constitute protected commercial speech under the applicable provisions of the United States Constitution, the Illinois Constitution, and the constitutions of the Plaintiffs' states of citizenship.

28.     The public interest in the benefit and availability of the product at issue precludes liability for risks, if any, resulting from any activities undertaken by Defendants, that were unavoidable, given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiffs' claims, if it is determined there is a risk inherent in the product at issue, then such risk, if any, is outweighed by the benefit of the product.

29.     At all relevant times, the product at issue was manufactured and distributed in a reasonable and prudent manner, based upon available medical and scientific knowledge, and further was processed and distributed in accordance with and pursuant to all applicable regulations of the FDA.

30. To the extent there were any risks associated with the use of the product at issue that Defendants knew or should have known and that gave rise to a duty to warn, Defendants at all times discharged such duty through appropriate and adequate warnings in accordance with federal and state law.

31. This Court is not a proper venue for Plaintiffs' claims.

32. This case is subject to dismissal, stay, or transfer on the grounds of *forum non conveniens* in accordance with 28 U.S.C. § 1404.

33. Each and every claim alleged or raised in the Complaint may be barred because Plaintiffs have failed to comply with the conditions precedent necessary to bring this action and/or each particular cause of action asserted by Plaintiffs.

34. Each and every claim alleged or raised in the Complaint may be barred in whole or in part by the doctrine of informed consent.

35. Plaintiffs' damages, if any, may be barred, limited, or offset in the amount of any reimbursement received by Plaintiffs as a result of any insurance or other health benefits plan, or any amounts paid for by any insurance, other health benefits plan, or other collateral sources.

36. Each and every claim alleged or raised in the Complaint may be barred, in whole or in part, under the doctrine of primary jurisdiction, in that the pertinent conduct of Defendants and all of its activities with respect to the product at issue have been and are conducted under the supervision of the FDA.

37. Each and every claim alleged or raised in the Complaint and based on allegedly inadequate warnings is barred even if Defendants failed to provide adequate warnings with respect to known or potential dangers or risks associated with the use of the product, because physicians prescribing the product at issue either knew or should have known of the potential or

known dangers or risks, and there is no duty to warn members of a profession against dangers known or that should be known to members of the profession.

38.    Any injuries or damages Plaintiffs may have sustained may have been caused by a substantial change in the product at issue after leaving the possession, custody, and control of Defendants.

39.    The common law claims and theories of liability set forth in the Complaint are barred by the doctrine of federal preemption.  Defendants' conduct conformed with the Federal Food, Drug and Cosmetic Act, and other pertinent federal statutes and regulations.  Accordingly, each and every claim alleged or raised in the Complaint is barred in whole or in part under the doctrine of federal preemption, and granting the relief requested would impermissibly infringe upon and conflict with federal laws, regulations, and policies in violation of the Supremacy Clause of the United States Constitution.

40.    Each and every claim alleged or raised in the Complaint is barred because any injuries or damages allegedly sustained were the result of an independent, unforeseeable, superseding, or intervening cause.

41.    To the extent that Plaintiffs seek punitive, exemplary, or aggravated damages ("punitive damages") for the conduct that allegedly caused the injuries asserted in the Complaint, such an award would, if granted, violate Defendants' state and federal constitutional rights.

42.    Any claim by Plaintiffs for punitive damages is in contravention of Defendants' rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; similar provisions in the Constitution of Illinois and/or the states of plaintiffs' citizenship; and/or the common law and public policies of such states.

43. To the extent that Plaintiffs seek punitive damages, said claim is unconstitutionally vague and/or overly broad because of the lack of clear standards.

44. To the extent that Plaintiffs seek punitive damages, Defendants specifically incorporates by reference any and all standards or limitations regarding the termination and enforceability of punitive or aggravated damages which arose in the decision of BMW of North America v. Gore, 517 U.S. 559, 116 S. Ct. 1589 (1996) and cases subsequent to BMW, including Philip Morris USA v. Williams, 549 U.S. 346, 127 S. Ct. 1057 (2007).

45. To the extent Plaintiffs seek punitive damages, the Complaint fails to state any cognizable claim for punitive damages.

46. To the extent Plaintiffs seek punitive damages, Defendants aver that such an award is unwarranted, since Defendants did not act in a malicious, willful, wanton, reckless or grossly negligent manner.

47. To the extent that Plaintiffs seek punitive damages, such claim is barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

48. Plaintiffs' claims have been misjoined in derogation of applicable state and federal law, and should be severed.

49. Each and every claim alleged or raised in the Complaint may be barred, in whole or in part, because Plaintiffs may lack capacity or standing to bring the claims alleged.

50. Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable Defendants to determine all of its legal, contractual, and equitable rights, Defendants reserve the right to amend and/or supplement the averments of its

Answer to assert any and all pertinent defenses ascertained through further investigation and discovery.

WHEREFORE, Defendants respectfully demands judgment dismissing the Complaint with prejudice and awarding Defendants such other and further relief that the Court may deem just and proper.

## **JURY DEMAND**

Defendants demand a trial by jury as to all issues so triable.

Date: November 12, 2013                    Respectfully submitted,

                                           BRYAN CAVE LLP

                                    By:  */s/ Stefan A. Mallen*
                                           Dan H. Ball
                                           dhball@bryancave.com
                                           Peter W. Herzog III
                                           pwherzog@bryancave.com
                                           Stefan A. Mallen
                                           samallen@bryancave.com
                                           211 North Broadway, Suite 3600
                                           St. Louis, MO  63102
                                           (314) 259-2000 (telephone)
                                           (314) 259-2020 (facsimile)

                                           Paul F. Strain
                                           Dino Sangiamo
                                           VENABLE LLP
                                           750 East Pratt Street, Suite 900
                                           Baltimore, MD  21202
                                           (410) 244-7400

                                           *Attorneys for Abbott Laboratories Inc.*

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that on November 12, 2013, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system on all counsel of record.

                                           */s/ Stefan A. Mallen*

29